IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-00121-FDW

| MICHAEL WAYNE MABE, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| KEITH WHITENER; GEORGE SOLOMON; SORRELL SAUNDERS; R. DAVID MITCHELL, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on consideration of the pro se amended complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983. (Doc. No. 10: Amended Complaint). For the reasons that follow, this civil action will be dismissed.

I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina following multiple convictions that he sustained in Forsyth County Superior Court that included two counts of assault on a female, communicating threats, larceny of a motor vehicle and first-degree burglary.[1]

In his amended complaint, Plaintiff names as defendants Keith Whitener (Superintendent of Alexander Correctional Institution); George Solomon (Director of North Carolina Prisons); Sorrell Saunders (Superintendent of Scotland Correctional Institution); and R. David Mitchell (Superintendent of Lanesboro Correctional Institution).

Plaintiff first alleges that these defendants were made aware that he suffered from an enlarged prostate after he filed grievances regarding this condition. In response to his grievance

---

[1] This information was obtained from the website maintained by the North Carolina Department of Public Safety, Adult Corrections Division.

1

it was explained that Plaintiff was examined by a physician who noted that Plaintiff had a history of benign prostatic hyperplasia (BPH) but after a physical examination, the doctor found no present BPH. The doctor recommended that Plaintiff should begin a trial of antibiotics before BPH medication was prescribed because he concluded the BPH medication carried greater side effects. The grievance examiner also found that Plaintiff was receiving an appropriate level of medical care. (Doc. No. 10-1 at 2-5).[2]

Plaintiff also complains that the defendants failed to ensure that he received timely medication to treat his psoriasis. In response to his written grievance, prison officials explained that Nurse Supervisor Coffey was aware that Plaintiff signed a self-medication agreement in which Plaintiff acknowledged that in order to get medication refilled he was required to complete a sick call request and then be examined by a physician. (Id. at 6-8).

Next, Plaintiff complains that while he was housed at Scotland Correctional Institution, breakfast meats were temporarily suspended and he alleges that this suspension resulted in unnamed prison employees being awarded a "bonus and/or profit." (Doc. No. 10 at 5, Doc. No. l0-1 at 9). In response to his written grievance, the grievance examiner explains that breakfast meats were temporarily suspended in response to a facility lockdown and that no prison employees earned any type of bonus or profit during the temporary suspension. (Id. at 10).

Finally, Plaintiff alleges that he was subject to retaliation and forced to live in miserable conditions because he filed two § 1983 complaints in this District and that he was fearful of "Scotland staff." (Doc. No. 10 at 5).

---

[2] The Court finds that consideration of Plaintiff's written grievances and the responses thereto by prison officials are properly considered in determining whether Plaintiff's amended complaint states a claim for relief. See Philips v. Pitt County Mem. Hosp, 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

2

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent,

3

inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

Plaintiff's amended complaint will be dismissed as even a fair consideration of his allegations fails to demonstrate that he ever directly complained to any of the named defendants or that they had actual knowledge about his allegations. Moreover, each of the defendants are identified as superintendents or supervisors and actions that Plaintiff complains of would have

4

been carried out or omitted by a defendant's subordinate. In § 1983 actions, it is well-established that defendants such as the ones that are named in this matter "may not be held liable for the constitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Put another way, the defendants are not liable simply because Plaintiff filed a few written grievances to complain that he was dissatisfied or disagreed with his course of medical treatment, or a temporary suspension of breakfast meats, or a temporary suspension of privileges.

IV. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim.

**IT IS, THEREFORE, ORDERED** that Plaintiff's amended complaint is **DISMISSED**. (Doc. No. 10).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED**. (Doc. No. 33).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: August 22, 2016

Frank D. Whitney
Chief United States District Judge